UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **MISTY MELVIN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action Number |
| | ) **5:15-cv-01418-AKK** |
| **JAMAL SIMMONS et al.,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

# MEMORANDUM OPINION[1]

Misty Melvin brings this case against Jamal Simmons, Javeisha Barnes, Robin Berry, Sandra Williams, and Angie DeNoon, in their individual and professional capacities, and the Alabama Department of Human Resources ("the Alabama DHR"), alleging violations of her constitutional rights under 42 U.S.C. §§1983 through 1985 and her rights under state law. Doc. 16. Specifically, under federal law, Melvin alleges violations of her "constitutional rights" (Count I), family association rights (Count II), and due process rights (Count III), and also pleads state law claims for intentional infliction of emotional distress (Count IV), negligence (Count V), fraud (Count VI), false imprisonment (Count VII), malicious prosecution (Count VIII), invasion of privacy (Count IX), and

---

[1] Melvin's Motion to Amend Complaint, doc. 15, is **GRANTED**. In light of the Amended Complaint, doc. 16, the motions to dismiss, docs. 5 and 8, are **MOOT**.

1

conspiracy (Count X).[2]  *Id*. at 13-19.  Simmons, Barnes, Berry, and Williams, who are employees of the Alabama DHR, and the Alabama DHR move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and DeNoon, who is a police investigator, moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Docs. 9, 20, and 24.  For the reasons stated more fully below, the motions are due to be granted as to Counts I-III, and the state law claims are dismissed for lack of jurisdiction.

## I.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient.  *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted).  "Nor does

---

[2]  The Amended Complaint raises several other causes of action in the "Allegation of Facts" that are not included in Melvin's causes of action.  For example, Melvin asserts claims for Title VII discrimination, disability discrimination, sexual harassment, and a violation of her freedom of religion.  *See* doc. 16 at 2, 5, 6, and 12.  Because these contentions are not listed as actual "counts," and in light of the fact that discrimination claims generally require an employer-employee relationship, the court assumes that Melvin did not intend to raise these claims in this lawsuit.

a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (citing *Bell Atl. Corp.*, 550 U.S. at 557).

A motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(1) may be based upon either a facial or factual challenge to the complaint. *McElmurray v. Consolidated Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244 (11th Cir. 2007). Where the challenge is facial, the court must merely "see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [the] complaint are taken as true for the purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). On a facial challenge, the district court has the power to dismiss for lack of subject matter jurisdiction on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the courts resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).[3] By contrast, where the challenge is factual the existence of subject matter jurisdiction is considered irrespective of the pleadings, "and matters outside the pleadings, such as testimony and affidavits are considered." *Id*. (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id*.; *see also Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## II. FACTUAL BACKGROUND[4]

The series of events giving rise to this lawsuit are related to Melvin's arrest on charges of child abuse, and the subsequent revocation of her parental rights. *See* docs. 16; 19-1. During the arrest, a law enforcement officer took one of Melvin's four minor children into a bedroom and talked to the child alone. Doc.

---

[4] For the purposes of Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the plaintiff's allegations are presumed true. *See, e.g. Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). As such, the facts are taken from the Plaintiff's Amended Complaint, doc. 16. However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth. *Iqbal*, 556 U.S. at 662.

4

16 at 9-10. According to Melvin, the officer did not allow the child to use the bathroom or get food or water, and interviewed the child alone, even though two of the child's grandparents were present. *Id*. The complaint does not specify whether Defendant DeNoon is the officer in question.

The state ultimately indicted Melvin on three counts of aggravated child abuse and one count of physical abuse. *See* docs. 16 at 9-10, 26-28; 19-1. Allegedly, the children made up the accusations against Melvin "because [their] grandmother told them to," and DHR personnel purportedly told the children not to disclose this fact to anyone else. Doc. 16 at 16-18. To prepare for the trial, Melvin's attorney met with the District Attorney's Office, and learned that Melvin's "accusers were questioned by agents[,] servants[,] or employees of DHR" and had given electronically taped statements. *Id*. at 3-4. However, when Melvin's attorney requested the electronic statements, he was told that they could not "be gotten for him." *Id*. at 4. Allegedly, "very little evidence necessary for [Melvin's] defense was ever given to [her attorney] despite the requests to the Assistant District Attorney or anyone from the District Attorney's office or anyone connected with law enforcement for the State of Alabama." *Id*. Instead, Melvin's attorney only received copies of hearsay statements of what the witnesses and accusers said. *Id*. As a result, Melvin's attorney filed a motion "regarding discovery and the lack of it and the prejudice it caused [Melvin]." *Id*.

In the underlying state custody decision, a judge held an ex parte hearing regarding one of the children, during which he terminated Melvin's parental rights and awarded custody to Melvin's ex-husband. *Id*. at 6-7. Although it is unclear from the amended complaint if the same judge made the decision, Melvin also lost custody of her other three children. *See* doc. 16 at 5. The ex parte hearing in which she lost custody rights and the alleged failure to provide investigation materials to use in her criminal case are the basis for the alleged violations of federal law in this case.

## III.   ANALYSIS

### A. Melvin's Federal Claims — Counts I – III

In Counts I-III, Melvin raises federal claims under "42 U.S.C. §§1983 through 1985" for violation of her Fourteenth Amendment rights. Doc. 16 at 3. Allegedly the Defendants violated her rights, as guaranteed by the Constitution of the United States and the Constitution of the State of Alabama, by "not providing the exculpatory evidence to the prosecutor" (Counts I-III), doc. 16 at 13-14, and "by giving no notice to [Melvin] or her Attorney, before giving her children away" (Count III),[5] *id*. at 14. As an initial matter, the court notes that §1983 only

---

[5] In light of the court's decision to dismiss the federal claims for the reasons stated herein, the court does not reach the Defendants' contention that Count III is also due to be dismissed under the *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine generally recognizes that federal district courts do not have jurisdiction to act as appellate courts and precludes them from reviewing final state court decisions." *Ware v. Polk Cnty. Bd. Of Cnty. Comm'rs*, 394 Fed. App'x. 606, 608 (11th Cir. Aug. 25, 2010) (citation omitted); *see generally*

provides relief for a violation of federal rights. *Oden v. Buckner*, 2014 WL 1320236, at *4 (M.D. Ala. Mar. 31, 2014) (citing *Motes v. Myers*, 810 F.2d 1055 (11th Cir. 1987)). Accordingly, to the extent that Melvin has pleaded §1983 claims for violations of rights guaranteed by the Alabama Constitution, such claims are due to be dismissed.

### 1. Federal Claims Against the Alabama DHR

The court begins its analysis with the Alabama DHR's contention that this court lacks subject matter jurisdiction over the claims against it because of the immunity afforded by the Eleventh Amendment. Relevant here, immunity depends on whether the Alabama DHR is an "arm of the state." *Mykins*, 2011 WL 4549181, at *3 (citing *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 280 (1977)); *see also Thomas v. Buckner*, 2011 WL 4071948, at *6 (M.D. Ala. Sept. 13, 2011) ("[I]t is . . . well-settled that Eleventh Amendment immunity bars suits brought in federal court when . . . an 'arm of the state' is sued.") (citations omitted). The Alabama DHR's status as an arm of the state is a settled issue.[6] In fact, Melvin essentially concedes this point by describing the

---

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005) (The *Rooker-Feldman* doctrine strictly limits federal district courts' authority to review state court judgments and related claims, and applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").

[6] As a number of federal courts have found, the Alabama DHR is a state agency and is protected by the Eleventh Amendment. *See e.g., Thomas*, 2011 WL 4071948, at *6; *Ford v.*

7

Alabama DHR as "an Alabama corporation" and a "State agency." Doc. 16 at 1-2. Given that the Alabama DHR has neither consented to suit nor waived immunity in this case, this court finds that the Alabama DHR is shielded by the Eleventh Amendment, and that its motion to dismiss is due to be granted. *See Ross v. Jefferson County Dep't of Health*, 701 F.3d 655, 659 (11th Cir. 2012) (citing *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) ("The Eleventh Amendment protects the immunity of not only the states, but of state agencies . . . .")).

### 2.  Federal Claims Against the Individual Alabama DHR employees

The court turns next to the claims against Alabama DHR employees Simmons, Barnes, Berry, and Williams, whom Melvin is suing both in their individual and official capacities. Regardless of the theory, the claims against them fail because, first, the Eleventh Amendment bar also extends to suits against state officers and employees sued for damages in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (Official-capacity lawsuits are, "in all respects other than name, . . . treated as a suit against the entity."); *see also Jackson v. Ga. Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994) ("Under the Eleventh Amendment, state officials sued for damages in their official capacity are

---

*Child Support DHR*, 2010 WL 2305305, at *1 (M.D. Ala. 2010); *Ziegler v. Alabama Department of Human Resources*, 710 F. Supp. 2d 1229, 1249 (M.D. Ala. 2010); *Danzy v. State of Alabama*, 2010 WL 1994902, at *1 (S.D. Ala. 20120); *Johnson-Price v. Alabama Department of Human Resources*, 2010 WL 1268095, at *4 (M.D. Ala. 2010); *Mack v. Alabama Department of Human Resources*, 201 F. Supp. 2d 1196, 1207 (M.D. Ala. 2002); *Liedel v. Juvenile Court*, 707 F. Supp. 486, 487, 492 (N.D. Ala. 1989).

8

immune from suit in federal court."). Therefore, as Alabama DHR employees, Simmons, Barnes, Berry, and Williams are entitled to Eleventh Amendment immunity with regard to the claims for damages against them in their official capacities.

Second, as to the individual capacity claims, these defendants contend that Melvin has failed to state a claim for which relief can be granted and that they are entitled to qualified immunity. Indeed, as pleaded, the court cannot ascertain what actions or omissions each defendant took or made, or which claims Melvin is asserting against each defendant. Instead, the amended complaint vaguely and generally contends that a generic "defendant" violated Melvin's constitutional rights and participated in unconstitutional conduct by "not providing the exculpatory evidence to the prosecutor," doc. 16 at 13-14, and by failing to give "notice to [Melvin] or her Attorney, before giving [Melvin's] children away, *id.* at 14. Missing from these contentions is any allegation that Simmons, Barnes, Berry, or Williams played any role in the alleged unconstitutional conduct. *See* doc. 16; *see also Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Melvin asks this court to overlook her pleading deficiencies because

9

"the Defendants are in possession of all the records pertaining to the [DHR] investigation," and "they are participants as potential witnesses in the criminal case against [Melvin] . . . ." Doc. 26 at 5-6. The court declines to do so because its analysis is limited to the actual amended complaint, *see Speaker v. U.S. Dep't of Health and Human Servs.*, 623 F.3d 1371, 1379 (11th Cir. 2010), and the pleading standard announced in "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions," *Iqbal*, 556 U.S. at 678-79. In short, because Melvin has not pleaded facts sufficient to allow the court to draw a reasonable inference that Simmons, Barnes, Berry, or Williams are liable for the alleged constitutional violations, *see Iqbal*, 556 U.S. at 678, the federal claims against these defendants in their individual capacities are also due to be dismissed.

Alternatively, the claims fail because of qualified immunity, which offers "complete protection for government officials sued in their individual capacities so long as 'their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Thomas ex rel. Thomas v. Roberts*, 261 F.3d 1160, 1170 (11th Cir. 2001) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Relevant here, Melvin does not challenge these defendants' contention that they have met their burden of "establish[ing] that the allegedly unconstitutional conduct occurred while [they were] acting within the scope of [their] discretionary authority." *Muhammad v. Bethel-Muhammad*, 2012

WL 1854676, at *9 (S.D. Ala. May 21, 2012) (quoting *Harbert International, Inc. v. James*, 157 F.3d 1271, 1281 (11th Cir. 1998)); *see generally* doc. 26.  Instead, Melvin argues only that qualified immunity is an affirmative defense that requires full discovery and litigation.  Doc. 26 at 5.  To the contrary, "once the affirmative defense of qualified immunity is advanced . . . [u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003) (quoting *Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc) (internal quotation marks omitted)).  "For the law to be 'clearly established,' case law must ordinarily have been earlier developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendant's place, that what he is doing violates federal law."  *Stewart v. Alabama Dep't. of Human Resources*, 2012 WL 4339499, at *3 (N.D. Ala. Aug. 24, 2012) (quoting *Priester v. City of Riviera Beach, Fla.*, 208 F.3d 919, 926 (11th Cir. 2000)).  Where, as here, Melvin failed to identify any case law that requires DHR employees, rather than the judicial officials handling a case, to produce discovery in a criminal proceeding or give notice of a custody hearing,[7] the federal claims against Simmons, Barnes,

---

[7] Melvin pleads that "[t]he State of Alabama in a Supreme Court decision and in other decisions has clearly stated the law requires an evidentiary hearing with both parties present in a court of competent jurisdiction before a child can be taken away from one parent and have her

11

Berry, and Williams in their individual capacities fail also because of qualified immunity.

### 3. Federal Claims Against DeNoon

The court turns next to the claims against DeNoon. As stated previously, DeNoon was the police investigator assigned to Melvin's case. DeNoon contends that Melvin has failed to state a plausible claim for relief against her. Doc. 24 at 5. A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. As it relates to DeNoon, Melvin contends only that DeNoon "consulted with [Melvin] and . . . was one of the first law enforcement officers at [Melvin's] house the night she was arrested and she never read [Melvin] her rights or tried to protect the rights of [Melvin's] children while in [Melvin's] house . . . ." Doc. 16 at 8. These contentions, however, do not help the court to draw a reasonable inference that DeNoon participated in the alleged constitutional violations here, i.e., failed to "provide exculpatory evidence to the prosecutor," *id*. at 13-14, or "giv[e] . . . notice [to Melvin and her attorney], before giving [Melvin's] children away," *id*. at 14, as

---

parental rights terminated, and the child be given to another parent." Doc. 16 at 7. However, to the extent that Melvin's claims are based on the Defendants alleged failure to follow law "clearly established" by the Alabama Supreme Court, such failure would not constitute a violation of clearly established *federal* law. Furthermore, because Melvin does not cite to any specific cases to support her claim, her assertion of "clearly established law" amounts to nothing more than an unsupported factual allegation. *See Iqbal*, 556 U.S. at 662.

pleaded in Counts I-III. Again, "[w]hile [courts] do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong." *Douglas*, 535 F.3d at 1322 (citing *Pamel Corp.*, 621 F.2d at 36). Although Melvin contends in her response that DeNoon "works with the [DHR] and was involved in the investigation of Misty Melvin [and] . . . should be in possession of all the records pertaining to the [DHR] investigation," doc. 25 at 5-6, these facts are noticeably absent from the amended complaint. *See Speaker*, 623 F.3d at 1379 (citing *St. George*, 285 F.3d at 1337) (The "scope of the review [of a motion to dismiss] must be limited to the four corners of the complaint.")). Moreover, these contentions fail to link any act or omission by DeNoon to the alleged unconstitutional conduct. Accordingly, the federal claims against DeNoon are due to be dismissed.

### B. Melvin's State Law Claims

In light of the decision to dismiss the federal claims, the court declines to exercise its supplemental jurisdiction over Melvin's state law claims. *See Rainey v. Allstate Ins. Co.*, 370 F.3d 1086, 1088-89 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.").

### IV. CONCLUSION

In sum, the Defendants' motions to dismiss are due to be granted solely as to

the federal claims (Counts I-III). The court will enter a separate order in accordance with this memorandum opinion.

    **DONE** the 2nd day of June, 2016.

_____  
**ABDUL K. KALLON**  
UNITED STATES DISTRICT JUDGE
